MATTLAGE *v.* NEW YORK EL. R. CO. *et al.*

*(Supreme Court, General Term, First Department.   October 24, 1890.)*

1. EMINENT DOMAIN—THE RIGHT AND ITS EXERCISE—ELEVATED RAILROADS.

The conveyance of land to a city in trust that it shall be kept open as a street for the use of the citizens forever, and its use as a street, entitled abutting owners to uninterrupted access over it to and from their premises, and to light and air; and the erection of an elevated railroad in the street, interrupting the light and air, and sending smoke, cinders, and steam into such buildings, gives the owner thereof a right of action for the injury.

2. SAME—ESTOPPEL.

Such owner is not deprived of his right to redress, as on the ground of acquiescence, by merely failing to interfere to prevent the erection of the railway and its subsequent use.

3. SAME.

Such owner is not deprived of his right to redress by erecting an awning extending from his buildings to the railroad structure, especially where the railroad materially interferes with the light and air to the stories above the awning.   Such action does not constitute an abandonment of the easements, and at most entitles the railroad company to the value of the support of the awning by its structure.

4. APPEAL—REVIEW—HARMLESS ERROR.

Failure of the trial court to find a fact which would have entitled defendant to a reduction of plaintiff's claims is not ground for reversal of the judgment on appeal by defendant, where no proof was given showing the amount of such reduction.

Appeal from special term, New York county.

Action by Charles F. Mattlage against the New York Elevated Railroad Company and the Manhattan Railway Company, to restrain them from maintaining and operating their elevated railroad in front of plaintiff's premises, and to recover damages caused by such maintenance and operation.   From a judgment for plaintiff, rendered upon trial by the court, defendants appeal.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Davies & Rapallo,* (*E. C. James* and *Brainard Tolles,* of counsel,) for appellants.   *Charles D. Ridgway,* for respondent.·

DANIELS, J.   The plaintiff, in November and December in the year 1886, by deeds of undivided interests, became the owner of premises on the easterly side of Greenwich street and the southerly side of Jay street, in the city of New York.   They were bounded 50 feet on Greenwich by 100 feet on Jay street.   At the time of the acquisition of the title by him a 4-story building had been erected upon the land, which he improved by adding another story.   The New York Elevated Railroad Company erected its elevated railroad on the easterly side of Greenwich street, in front of these premises, in or about the year 1870, and together with the other defendant, the Manhattan Railroad Company, its lessee, have since used and operated the structure for running their trains and engines upon it.   This use has interrupted the light and air derived by the premises from the street, and sent smoke, cinders, and steam into their rooms and apartments.   The land forming the bed of the street was conveyed by the corporation of Trinity Church to the mayor, etc., of the city of New York, in June, 1797, in trust that it should be kept open as a street for the use of the citizens of New York forever, and from that time it has been so maintained as a street, 66 feet wide, until the construction of the elevated railroad therein.   That this appropriation of the land, followed by the use made of it, entitled the owners of property fronting upon and bounded by it to the uninterrupted access over it to and from their premises, and to the light and air passing therefrom to the buildings maintained thereon, has now become so definitely settled by the authorities as to dispense with particular reference to them.   The right to these easements does not depend upon any title of the adjacent owner to the land of the street, but it arises out of the lawful creation and continuance of the street itself.   The fact that the street bounds the property entitles the owner to the use and enjoyment of these

easements.   And the prevention of that enjoyment, by the erection and use of the elevated railroad in front of the premises, entitled the owner to redress by way of action for the injury received in this manner from it by him.   To maintain his action it is not necessary that evidence should be given by the plaintiff that the structure has been unlawfully placed in the street in front of his premises.   But that is to be presumed from the fact that it has been there placed and afterwards maintained.   It is a direct interference with the rights of another in the street, and it is for the party maintaining it to show, when that can be done, that it has the authority and sanction of the law for its existence.   The presumption of the law is not favorable to the defendants, but it is that the street to be opened and used as the conveyance provided it should be has been unlawfully obstructed by the erection and use of this railroad, and the court acted on this condition of the law in directing judgment for the damages already sustained from it by the plaintiff, and restraining its future use and continuance unless the defendants, within the time designated for that purpose, shall, upon receiving a proper conveyance and release, pay the plaintiff the sum of $5,500, and interest, found to be the value of the easements of the plaintiff, diverted and appropriated through the erection and use of this railroad.   The defendants objected that the plaintiff had excluded himself from the right to this redress by the acquiescence of himself and the preceding owners of the premises in the erection and use of the railroad. But nothing whatever was shown to have been done by either from which that acquiescence could be inferred.   At the most they did not interfere to prevent the erection of the railway and its subsequent use, and that placed the company erecting it at its own risk for the consequences of erecting it, and both itself and its lessee for those resulting from its use as a railroad.   This action was commenced on the 22d of May, 1889, and the defendants, by way of answer, interposed the 6 and 10 years statute of limitations.   But neither of these was the period within which this action might be commenced.   Neither was any other provision of the statute applicable to or controlling over this action, even if the defendant's railroad is to be held to have been the successor of the cable road originally placed upon the same side of this street. At the time the plaintiff purchased these premises there was a wooden awning extending from them to and supported by the longitudinal girders of the structure supporting the railroad, and it has remained there during his ownership.   Upon these facts it was claimed on behalf of the defendants that there had been an abandonment of the easements so far as they had interfered with them.   But what had in this manner been done was no more than an awning placed over the sidewalk between the front of the plaintiff's store and the edge of the walk; and it is to be inferred from the facts that it had been made to derive support from the railway structure for the reason that this structure stood in the way of and prevented the use of posts commonly employed for that object.   This act presented no evidence of an intention to abandon the right to the easements, and could not deprive the plaintiff of his action for redress, especially as his enjoyment of these easements of light and air had been materially interrupted in the second and third stories of his building.   When the structure was erected and devoted to the running of the defendants' trains, the right of action accrued, and the most they could claim from this support of the awning was the value of that support, by way of reducing the claims made by the plaintiff.   If that had been intended to be insisted upon the value should have been proved, and, as it was not, the court was not placed in the situation where any allowance could be made on this account to the defendants.   The court should have found that the awning had in this way been attached to the railway structure, for there was no denial of the fact in the evidence.   But, as the findings would afford the defendants no benefit, the refusals to find cannot entitle them to a reversal of the judgment.   This judgment did not exceed the amounts sustained by the

evidence, and neither of the objections which have been urged appear to be capable of being supported. The judgment should therefore be affirmed, with costs.

VAN BRUNT, P. J., and BRADY, J., concur in result only.